IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**VICTORIA CHAMPION,**

    **Plaintiff,**                         Case No.: 3:20-cv-01436-MMH-PDB

v.

**BELLSOUTH TELECOMMUNICATIONS, LLC,**
**d/b/a AT&T**

    **Defendant.**
_____/

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND[1]

COMES NOW, Defendant, ("Defendant" or "AT&T"), by and through its undersigned counsel, and hereby responds to Plaintiff's First Amended Complaint as follows:

1. Admitted that Plaintiff seeks relief under the FCCPA, TCPA, and common law Invasion of Privacy; denied that Plaintiff is entitled to any such relief.

1. Admitted for jurisdictional purposes only; otherwise denied.

2. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

3. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

---

[1] Plaintiff's Complaint numerical numbering of the paragraphs are off. Defendant nonetheless keeps the numerical numbering of Plaintiff's Complaint to keep consistency.

4. Admitted that Plaintiff is an individual; otherwise Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

5. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

6. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

7. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

8. Admitted the TCPA states what it state; otherwise Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

9. Admitted the TCPA states what it state; otherwise Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

10. Admitted the TCPA states what it state; otherwise Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

11. Admitted the TCPA states what it state; otherwise Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

12. Admitted the FCCPA states what it state; otherwise Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

13. Admitted the FCCPA states what it state; otherwise Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

14. Admitted the FCCPA states what it state; otherwise Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

15. Admitted the FCCPA states what it state; otherwise Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

16. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

17. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

25. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

26. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

27. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.

28. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.
29. Defendant is without sufficient information or knowledge to determine the veracity of the allegations contained in this paragraph.
30. Denied.
31. Denied.
32. Denied.
33. Denied.
34. Denied.
35. Denied.
36. Denied.
37. Denied.
38. Denied.
39. Denied.
40. Denied.

## Count I

Defendant re-alleges and reincorporates paragraphs 1 through 19 as if fully restated herein.

41. Admitted that the FCCPA states what it states; otherwise, denied.
42. Denied.
43. Denied.

## Count II

Defendant re-alleges and reincorporates paragraphs 1 through 19 as if fully restated herein.

44. Admitted that the TCPA states what it states; otherwise, denied.
45. Denied.
46. Denied.
47. Denied.
48. Denied.

## Count I

Defendant re-alleges and reincorporates paragraphs 1 through 19 as if fully restated herein.

49. Admitted that the restate and case law cited herein state what it states; otherwise, denied.
50. Denied.
51. Denied.
52. Denied.
53. Denied.
54. Denied.
55. Denied.
56. Denied.

## FIRST AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that Plaintiff lacks standing as he/she has suffered no injury-in-fact as the result of any act or omission by Defendant.

## SECOND AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that any violation of state law law in its dealings with Plaintiffs was a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

Defendant asserts without admitting any liability whatsoever, Plaintiff provided prior express consent to receiving calls made using an automated telephone dialing system and/or an artificial or prerecorded voice on his/her cellular telephone.

## FOURTH AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that its doesn't utilize an ATDS as defined by the TCPA to place any calls about which this lawsuit pertain.

## **FIFTH AFFIRMATIVE DEFENSE**

Defendant asserts, without admitting any liability whatsoever, the Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations found under in the FCCPA and/or TCPA.

## **JURY DEMAND**

Defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant, respectfully requests this Court to DISMISS Plaintiffs' claims with prejudice and for any such other relief as this court deems just and proper.

Respectfully submitted by:

/s/ Charles J. McHale
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555
**GOLDEN SCAZ GAGAIN, PLLC**
1135 Marbella Plaza Drive
Tampa, Florida 33619
Phone: (813) 251-5500
Fax: (813) 251-3675
cmchale@gsgfirm.com
Counsel for Defendant